508 P.2d 43

**Frank H. FULLMER, Plaintiff and Respondent,**

v.

**Parley J. BAKER, Defendant and Appellant.**

**No. 12969.**

Supreme Court of Utah.

March 27, 1973.

Ralph J. Marsh, of Backman, Backman & Clark, Salt Lake City, for defendant-appellant.

Lowell N. Hawkes, of Worsley, Snow & Christensen, Salt Lake City, for plaintiff-respondent.

HENRIOD, Justice:

Appeal from a judgment rescinding a contract of purchase and sale of corporate stock and adjudging the return of the purchase price. Affirmed with costs to plaintiff.

Believable facts favorable to the judgment may be related as follows: Fullmer gave Baker $5,000 for 20,000 shares of unregistered stock. Baker later drafted an agreement, which provided for (1) delivery of the stock, (2) "free from all encumbrances" and (3) "properly endorsed for transfer," (4) "within one year from date." Fullmer asked for the certificate and Baker said (5) he would mail it to him. None of these represented conditions was forthcoming before this lawsuit was initiated. Baker moved his residence and his whereabouts was not revealed by him to Fullmer, who had to search out Baker to confer with or sue him. The shares were not registered with the state or federal securities commissions.

After suit was filed praying for rescission, Baker made a tender of an unwitnessed, undated, penciled certificate, still unregistered. He now urges that I) Time was not of the essence of the agreement so that he could make a tender even after suit filed, that II) Plaintiff should have sued for breach instead of for rescission, and that III) the certificate was not "encumbered."

As to I) It hardly lies in Baker's mouth to say time was not of the essence, when this aspect of the case became important to him only after such defense and excuse for nonperformance were urged

after suit filed, and after he as scrivener of the document which he proposes to interpret, as a defaulter, to his own liking. We think such contention to be short on merit.

 As to II) Under the circumstances of this case, Fullmer had an election of remedies, one of which was rescission, and Baker cannot use his own dereliction to subscribé and require Fullmer's choice of such alternate remedies. Baker's complete failure to mail or otherwise deliver the certificate within the time clearly specified imposes no duty on the other party to organize or conduct a fox hunt,—when such party is guilty of no infraction of contractual duty, but who has performed his part of the contract in toto.

As to III) There can be little or no doubt that use of the word "encumbrance" must be resolved against Baker who penned it,—and belatedly he cannot cast himself in the role of lexicographer in interpreting the word "encumbrance." Mr. Webster has something to say in this area, as do we, and looking at this word in the atmosphere of a stock market, for example, we believe and hold that the certificate tendered was "encumbered" in the sense that its marketability, because of nonregistration and imperfection, was highly suspect.

CALLISTER, C. J., and ELLETT, TUCKETT, and CROCKETT, JJ., concur.